## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

    v.

Lonnell George Glover

January 18, 1985

Case No. F-7358

By JUDGE DONALD M. HADDOCK

After a thorough review of my notes of the suppression hearing, I am satisfied that the Motion to Suppress should be denied on the basis of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), *United States v. Green*, 465 F.2d 620 (CADC 1972), *United States v. Rainone*, 586 F.2d 1132 (7th Cir. 1978), *United States v. Johnson*, 637 F.2d 532 (8th Cir. 1980), *United States v. Romero*, 692 F.2d 699 (10th Cir. 1982), *United States v. Merritt*, 695 F.2d 1263 (10th Cir. 1982); *contra, Government of the Canal Zone v. Bender*, 573 F.2d 1329 (5th Cir. 1978). Officer Horvath, who has been with the Alexandria Police Department for 10 years, observed the defendant in a car not his own, bearing D.C. tags, back into an inconvenient parking space at the Seven-Eleven in a suspicious manner. The Seven-Eleven had been recently robbed. The defendant then stayed in his vehicle for a significant period of time after which he entered the Seven-Eleven. The defendant gave the Officer a story about looking for a friend on Jordan Street but when the Officer got out a map the defendant appeared preoccupied with watching the cashier and not with looking at the map; the defendant also gave the Offi-

cer a story about a couple in the store having followed him but the Officer knew that couple to have been in the store prior to the defendant's arrival. When the Officer talked to the defendant, defendant became sweaty and nervous but continued to focus on the cashier. Defendant returned to his car for a period then returned into the store and purchased a slurpee and again returned to his car. The Officer obtained the car owner's name from the police headquarters and then approached the car to discuss this with the defendant; as he approached the car he saw the defendant ease his hand out of a gym bag on the front seat without taking anything from the bag. Thereupon, the Officer began a discussion of ownership of the car and the defendant offered to call the real owner. The defendant, together with the Officer called the real owner and it was determined that the defendant had permission to drive the car. At the conclusion of the telephone call a back-up officer, previously called by Officer Horvath, arrived after which Officer Horvath asked defendant for his consent to check inside the car. Officer Horvath testified that he suspected the defendant intended to rob the Seven-Eleven. Although the defendant refused to consent to a check of the car, Officer Horvath went immediately to the bag on the front seat and pulled out a .44 Magnum pistol. At that time the defendant was approximately twenty feet, or five large steps, from the car and the gun.

At that time Officer Horvath did not have probable cause to arrest the defendant but had observed unusual conduct reasonably leading him to conclude in light of his experience that criminal activity was afoot and that the defendant intended a robbery. In light of the fact that robberies are generally committed with weapons and the fact that the Officer had seen the defendant ease his hand out of the gym bag only steps away from where the defendant was then standing, the Officer did possess a reasonable belief based on specific and articulable facts which taken together with the rational inferences from those facts reasonably warranted the officers in believing the defendant was dangerous and might gain immediate control of a weapon in the gym bag if left alone to return to his car. The defendant makes much of the

fact that the "frisk" of the car preceded any "frisk" of the person but overlooks the testimony that the defendant was only wearing a jogging suit and had been observed for some time by the Officer in and out of the Seven-Eleven. The Officer obviously concluded from his observation of the defendant that no weapons were on defendant's person but, rather, if they existed were in the bag on the front seat of the car. Since no probable cause existed to arrest the defendant, the Officer had to choose between allowing the defendant to reenter the car, and thereby regain access to any weapon which might be in the bag or "frisking" the car. The court notes that the officer went directly to the bag which would have been within the defendant's immediate grasp had defendant reentered the car. The Officer's action in this case was justified.